NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3302

RICHARD A. BECKER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Richard A. Becker, of Coram, New York, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3302

RICHARD A. BECKER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in NY-3443-08-0109-I-1.

_____

DECIDED: April 1, 2009

_____

Before MAYER, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Richard Becker appeals the decision of the Merit Systems Protection Board, which dismissed his appeal of the Department of Veterans Affairs decision not to select him for the positions of GS-7/9 Inventory Management Specialist or GS-6 Nursing Assistant for lack of jurisdiction. Becker v. Dep't Veterans Affairs, No. NY-3443-08-0109-I-1 (M.S.P.B. June 26, 2008). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000). Because the board correctly determined that Becker has not exhausted his administrative remedies before the Department of Labor, we affirm.

Becker charges that the Department of Veterans Affairs violated the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-

4333, and the Veterans Employment Opportunity Act (VEOA), 5 U.S.C. § 3330a, when the department did not select him for the positions of Inventory Management Specialist or Nursing Assistant. He was told that he was qualified and was referred for consideration but not selected for the Inventory Management Specialist position. For the Nursing Assistant position, he was told that he was qualified but did not rank high enough to be referred for consideration. He alleged that less qualified non-veterans were chosen over him for at least the Inventory Management Specialist position. In his letter of appeal to the board, he averred that he had filed complaints at the Department of Labor for both the USERRA and VEOA claims. The board separated the claims into two cases and this is the appeal of the USERRA claim.

This court must affirm decisions of the board unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). We review a ruling that the board lacks jurisdiction de novo.

A person may file a USERRA complaint against a federal executive agency directly with the Merit Systems Protection Board if that person has chosen not to apply to the Secretary of Labor for assistance. If the person does apply to the Secretary for assistance, he may only file a complaint with the board after receiving notification from the Secretary that the department was unable to resolve the complaint, the results of the department's investigation, and the person's entitlement to proceed to the board. See 38 U.S.C. §§ 4324(b), 4322(a), and 4322(e) (2000). If these procedures are not followed, the board does not have jurisdiction to hear the complaint. In this case,

substantial evidence exists that Becker applied to the Secretary for assistance with his complaint. As the board found, on December 22, 2007, Becker wrote to the Secretary of Labor requesting that she address his complaints that he had not been hired for the positions. Becker however has not produced a notification that the Secretary has reviewed but was unable to resolve his complaint as the board ordered him to do to show jurisdiction. Instead, he complained in his appeal to the board that the Department of Labor "never replies." Therefore, he has not complied with the procedures set forth in 38 U.S.C. §§ 4324(b), 4322(a), and 4322(e), and the board correctly determined that it lacked jurisdiction to hear his case.